```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
Jenny Hwang,

                Plaintiff,              MEMORANDUM & ORDER

      - against -                       No. 1:23-cv-5502(KAM)(RML)

Pertutti New York, Inc.,

                Defendant.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Jenny Hwang brought this action against Pertutti New York, Inc. ("Pertutti"), alleging that Pertutti violated federal, state, and municipal antidiscrimination laws by operating a website inaccessible to blind and visually impaired customers. (ECF No. 1, Compl.) Magistrate Judge Levy has issued a Report and Recommendation that the Court dismiss this action for failure to prosecute. (ECF No. 6, R&R.) Hwang timely objected. (ECF No. 7, Obj. Mag. J. Levy's R&R ("Obj.").) For the reasons set forth below, the Court overrules Hwang's objection, adopts Magistrate Judge Levy's Report and Recommendation in its entirety, and dismisses this action with prejudice.

## BACKGROUND

Attorney Mars Khaimov[1] has filed over one hundred lawsuits on Hwang's behalf in the Eastern District of New York.[2]  Many if not all of them use the same complaint template as the one used in this case.  In nearly half of these cases, Khaimov has failed to comply with at least one deadline set by a rule or court order.  *See, e.g.*:

- Order Adopting R&R, *Hwang v. Joanna Czech Dallas, LLC*, No. 1:23-cv-2962(FB)(CLP) (E.D.N.Y. Dec. 6, 2023) (adopting report and recommendation to impose monetary fine for each day of continued noncompliance with court-ordered deadline to file stipulation of dismissal);

- Order of Dismissal for Failure to Prosecute and Comply with Court Orders as Directed, *Hwang v. The Skin Spa – Midtown, LLC*, No. 1:23-cv-1933(DLI)(CLP) (E.D.N.Y. Nov. 21, 2023) (dismissing action for failure to prosecute after counsel repeatedly failed to comply with orders to serve documents on defaulting defendant);

- Status Report Order, *Hwang v. Bombay House Hospitality, LLC*, No. 1:23-cv-3316(LDH)(CLP) (E.D.N.Y. Nov. 21, 2023) (noting counsel failed to comply with deadline to file stipulation of dismissal and threatening sanctions);

- Order Adopting R&R, *Hwang v. Gavriel's Jewelry, Inc.*, No. 1:23-cv-1705(OEM)(RML) (E.D.N.Y. Oct. 19, 2023) (adopting report and recommendation to dismiss action for failure to prosecute after counsel ignored court-ordered deadline to move for entry of default and failed to object to report and recommendation);

- Status Report Order, *Hwang v. Gotham Podiatry P.C.*,

---

[1] Khaimov's attorney registration status in New York is listed as "Delinquent" as of the date of this Memorandum and Order.
[2] Khaimov also has filed over *one thousand* lawsuits in the Southern District of New York since 2020 on behalf of similarly prolific plaintiffs.

- No. 1:23-cv-4074(DG)(TAM) (E.D.N.Y. July 24, 2023) (noting counsel ignored two orders to mail documents and threatening sanctions);

- Order, *Hwang v. Sea N.Y., Inc.*, No. 1:23-cv-1040(OEM)(MMH) (E.D.N.Y. June 27, 2023) (threatening *sua sponte* report and recommendation to dismiss action for failure to prosecute after counsel ignored court-ordered deadline to take action regarding defendant's failure to appear or respond to complaint);

- Order Dismissing Case, *Hwang v. All That She Wants, LLC*, No. 1:23-cv-2041(BMC) (E.D.N.Y. May 31, 2023) (dismissing action after counsel failed to respond to order to show cause why case should not be dismissed for lack of subject-matter jurisdiction);

- Order Dismissing Case, *Hwang v. Gen. Pants Co. US-NY, LLC*, No. 1:23-cv-2780(BMC) (E.D.N.Y. May 4, 2023) (dismissing action for failure to file amended complaint by court-ordered deadline);

- Order Dismissing Case, *Hwang v. D'Agostino Supermarkets, Inc.*, No. 1:23-cv-500(HG) (E.D.N.Y. Apr. 25, 2023) (dismissing action based on counsel's failure to timely file proof of service and failure to respond to prior court order advising counsel of potential dismissal);

- Order Adopting R&R, *Hwang v. Tracie Martyn, Inc.*, No. 1:22-cv-5500(RPK)(LB) (E.D.N.Y. Jan. 25, 2023) (adopting report and recommendation to dismiss action for failure to prosecute after counsel ignored order affording him "a final opportunity to take appropriate action" in response to defendant's failure to respond to complaint).

This case is no different. Hwang filed her Complaint on July 20, 2023, (Compl.), and the Summons was issued the next day, (ECF No. 4, Summons in a Civil Action). Hwang filed proof of service on August 4, 2023, showing that Pertutti was served that day, (ECF No. 5, Proof of Service), thus giving Pertutti

3

until August 25, 2023, to answer or otherwise respond to the Complaint, Fed. R. Civ. P. 12(a)(1)(A)(i).  On October 17, 2023, after Pertutti missed the August 25, 2023, deadline, Magistrate Judge Levy issued an order directing Hwang to "either move for entry of default or submit a written explanation to the Court as to why she has not done so by October 27, 2023."  The order further cautioned Hwang that "[f]ailure to comply . . . may result in the imposition of sanctions, including a recommendation to [the undersigned judge] that this case be dismissed for failure to prosecute."

On November 8, 2023, after Hwang missed the October 27, 2023, deadline, Magistrate Judge Levy issued a Report and Recommendation that the Court dismiss this action for failure to prosecute.  (R&R.)  Hwang timely objected to the Report and Recommendation on November 22, 2023, acknowledging that "the Court did previously warn [her] that failure to seek entry of default by October 27, 2023 may lead to dismissal" but arguing that dismissal would be "overly harsh."  (*Id.*)  Hwang noted that only twelve days passed between Magistrate Judge Levy's original deadline and the Report and Recommendation as well as the lack of prejudice due to Pertutti's failure to participate in this case.  (Obj.)  Hwang explained that her delay was due to "counsel's office fail[ing] to properly calendar this deadline." (*Id.* 1.)

4

**LEGAL STANDARDS**

**I.  Objections to Magistrate Judge Orders**

A district judge must determine *de novo* any part of a magistrate judge's disposition to which a party has properly objected.  Fed. R. Civ. P. 72(b)(3).

**II.  Involuntary Dismissal**

A district court has the inherent power to dismiss an action on its own motion if the plaintiff fails to prosecute the case.  *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021).  The court also may dismiss the action if the plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009).  A dismissal under Rule 41(b) is with prejudice unless the order states otherwise.  Fed. R. Civ. P. 41(b).

The district court must consider five factors when deciding whether to dismiss an action for failure to comply with court orders:  (1) the duration of the plaintiff's noncompliance, (2) whether the plaintiff had notice that failure to comply would result in dismissal, (3) whether further delay would likely prejudice the defendant, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair opportunity to be heard, and (5) whether there is an adequate sanction less drastic than dismissal.  *Lewis*, 564 F.3d

5

at 576.

Though dismissal is a "harsh remedy" used only in "extreme situations," its availability to district courts is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, No. 1:21-cv-1788(RPK), 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001)).

## **DISCUSSION**

Considering the five relevant factors, the Court finds it appropriate to dismiss this action.

### **I. Duration of Noncompliance**

This factor weighs against dismissal. Here, Hwang technically was only out of compliance with Magistrate Judge Levy's order for twelve days before he issued his Report and Recommendation. Delays of only a few days or weeks generally do not warrant dismissal. *Sessoms*, 2022 WL 511646, at *1. The Court notes that Magistrate Judge Levy was quite patient with Hwang before he issued his October 17, 2023, order, however. Pertutti's deadline to answer or otherwise respond to the Complaint was August 25, 2023. All Hwang had to do to advance this case at that point was request that the Clerk enter

Pertutti's default, yet she did nothing for nearly two months. Hwang's decision to let this case stand idle for nearly two months and instead await prompting to manage the prosecution of her case by the order of Magistrate Judge Levy threatening dismissal lessens the degree to which the duration of noncompliance factor favors her.

**II. Notice of Potential for Dismissal**

This factor strongly favors dismissal. Magistrate Judge Levy's October 17, 2023, order could not have been more explicit. It stated that "[f]ailure to comply" with it "may result in the imposition of sanctions, including a recommendation to [the undersigned judge] that this case be dismissed for failure to prosecute." That language gave Hwang ample notice that failure to advance this case by October 27, 2023, could result in dismissal. *See Reece v. Ponte*, No. 1:18-cv-7385(KAM)(RML), 2020 WL 2790502, at *1 (E.D.N.Y. May 30, 2020) (adopting report and recommendation to dismiss case after plaintiff failed to comply with order from Magistrate Judge Levy containing substantially same warning). Khaimov, Hwang's attorney, is a registered user of the Court's electronic case filing system. Even if a failure to properly calendar this deadline explains why he let his client's case sit dormant for nearly two months after Pertutti defaulted, (*see* Obj. 1), it does not explain why he then ignored an order of the Court with

7

clear language that would raise alarm bells with most attorneys.

### III. Prejudice to the Defendant

This factor weighs against dismissal. Despite having been served on August 4, 2023, (*see* ECF No. 3), Pertutti has not appeared or otherwise participated in this case. Thus, it would suffer little to no prejudice were this action to go forward. *See Mercado v. Choyang Med. Co. Ltd.*, No. 1:07-cv-3563(NG)(VPP), 2014 WL 3014456, at *3 (E.D.N.Y. July 3, 2014).

### IV. Judicial Administration Versus Opportunity to be Heard

This factor strongly favors dismissal. Because she is represented by counsel, Hwang is not entitled to the "special leniency regarding procedural matters" afforded to *pro se* litigants. *See May v. Levy*, No. 1:21-cv-3586(KAM)(LB), 2023 WL 2386380, at *6 (E.D.N.Y. Mar. 7, 2023) (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (summary order)).

Magistrate Judge Levy proactively observed that this case had sat idle and issued an order to help progress it. He decided that the most effective way to do so was to set a hard deadline for Hwang to seek an entry of default, and he decided that the best way to ensure his deadline would be met was to warn of dismissal as a consequence for noncompliance. His order clearly warned Hwang what would happen if she ignored his deadline, and she ignored it anyway. Magistrate judges should

8

not be tasked with managing the calendars and deadlines of attorneys and prompting the prosecution of cases. Overruling Magistrate Judge Levy's Report and Recommendation would send a message to litigants that such orders are toothless, thus undermining the "important and invaluable role" that magistrate judges play "within the federal judicial framework." *See Joe Hand Promotions, Inc. v. Manetta*, No. 1:22-cv-1114(AMD)(TAM), 2023 WL 4677069, at *2 (E.D.N.Y. July 21, 2023) (quoting *Poparic v. Jugo Shop*, No. 1:08-cv-2081(KAM)(JO), 2010 WL 1260598, at *7 (E.D.N.Y. Mar. 31, 2010)).

The Court also declines to turn a blind eye to Khaimov's conduct in other matters. On the undersigned's docket alone, Khaimov has failed to meet deadlines in at least three other cases. *See* Notice of Voluntary Dismissal, *Hwang v. Transform Sr. Brands, LLC*, No. 1:22-cv-5443(KAM)(VMS) (E.D.N.Y. Jan. 17, 2023), ECF No. 8 (notice of voluntary dismissal filed past deadline set by court order that also noted counsel's noncompliance with deadlines set by two prior court orders); Notice of Voluntary Dismissal, *Hwang v. Proximo Spirits, Inc.*, No. 1:23-cv-4259(KAM)(VMS) (E.D.N.Y. Sept. 14, 2023), ECF No. 9 (notice of voluntary dismissal filed over a week past deadline without explanation); Ltr. Status Rep., *Hwang v. Flower Girl NYC, LLC*, No. 1:23-cv-3950(KAM)(CLP) (E.D.N.Y. Aug. 16, 2023), ECF No. 6 (status report filed two days past deadline without

9

explanation). As mentioned above, (*see* supra pp. 2-3), Khaimov's attitude toward deadlines has also drawn the ire of many other district judges and magistrate judges in the Eastern District of New York.

Procedural mistakes such as missed deadlines are not harmless and create unnecessary work for overburdened courts. The magistrate judges and district judges of this court generally have hundreds of civil cases to manage and adjudicate, and expending judicial resources on an action that the plaintiff has been lackadaisical in pursuing unnecessarily burdens the Court and is unfair to other litigants whose cases also deserve careful attention. *See Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) ("'[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources' may require a district court to dismiss a case pursuant to Rule 41(b).") (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)). Khaimov's lack of diligence on this case alone has already needlessly required the attention of two different judges.

Additionally, should the Court overrule Magistrate Judge Levy's Report and Recommendation, the Court presumably will have to resolve Hwang's motion for default judgment. Doing so can consume significant court resources if the plaintiff's counsel

10

continues his failure of attention to detail and deadlines. *See, e.g.*, *Zabrodin v. Silk 222, Inc.*, No. 1:22-cv-7064(KAM)(MMH), 2023 WL 8009319, at *13–15 (E.D.N.Y. Nov. 20, 2023). Given that Khaimov continues to make mistakes even after continually being ordered, warned, reprimanded, and having his cases dismissed for failing to respond to court orders, the Court lacks confidence that Khaimov will complete that process without further issue in the instant case.

Though Hwang has a strong interest in ensuring her claims are heard on the merits, her attorney's mistakes are imputed to her. *See Van Gorden v. Sharinn & Lipshie, P.C.*, 993 F. Supp. 2d 261, 264 (E.D.N.Y. 2014). By her own volition, she has continued to choose Khaimov to represent her in over one hundred lawsuits in this district despite repeatedly suffering the consequences of his mistakes. The way to ensure that Hwang's claims are heard on the merits is for Khaimov to maintain a caseload that he can manage consistent with his obligations to the Court and his clients. He has no right to expect every judge in this district to treat him with special leniency.

### V. Sufficiency of Alternative Sanctions

This factor favors dismissal. There is no way to impose a lesser sanction without undermining Magistrate Judge Levy's authority to manage his docket. Hwang's objection, predicated on an ordinary attorney calendaring error, (*see* Obj.), is wholly

11

unavailing.  Though it can be "tempting . . . in light of counsel's admissions of inadvertence and negligence through no fault of his client[], to recognize that the imposition of the Magistrate's recommendation will have a harsh effect" on the plaintiff and "leniently grant . . . additional time," see *Seabrook v. City of New York*, 236 F.R.D. 123, 129 (E.D.N.Y. 2006), the circumstances weigh against doing so here.

## CONCLUSION

For the reasons set forth above, the Court overrules Hwang's objections, adopts Magistrate Judge Levy's Report and Recommendation in its entirety, and dismisses this action in accordance with Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to enter judgment dismissing this action and to close this case.

**SO ORDERED.**

Dated:   December 8, 2023
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York